THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
EDOARDO STURCHIO, PLAINTIFF IN ERROR.

Submitted May 6, 1941—Decided October 20, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
HEHER.

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas, *Leon W. Kapp,* Assistant Prosecutor, and *C. William Caruso,* Special Assistant Prosecutor.

For the plaintiff in error, *Ferdinand D. Masucci.*

BROGAN, CHIEF JUSTICE. The plaintiff in error, Edoardo Sturchio, a medical doctor, was convicted of performing a criminal abortion by the use of instruments upon one Columbia Petretta. With him was convicted one Tulio Restaino whose part in the commission of the crime consisted in arranging with the doctor in advance for this illegal operation, giving the complaining witness $50 for the expense thereof, and sending her to the doctor who performed it. It appears without dispute in the case that Restaino, for a considerable time, had illicitly cohabited with the complaining witness. Sturchio and Restaino were tried together. The jury found both guilty but only Sturchio appeals.

One of the points on which a reversal is urged is that the verdict was against the weight of the evidence. The remaining assignments attack the trial court's charge to the jury. There is no merit whatever in the argument that the verdict was contrary to the evidence in the case. The charge to the jury, however, contained error that was harmful and which imperatively calls for a reversal of the judgment. The court charged the jury as follows:

"Incidentally, gentlemen, as a matter of law under this indictment you may find one defendant guilty and the other not guilty. For instance, if this girl had an abortion as a result of an arrangement made by Restaino, and it was performed by someone other than Dr. Sturchio, Restaino could be guilty and Dr. Sturchio, of course, would not be guilty; and if she went to Dr. Sturchio and he performed an abortion without any arrangement with Restaino, the doctor would be guilty and Restaino would not be guilty, as a matter of law." Thus far, in this part of the charge, the instructions are without fault. Then the court continued.

"But as a practical matter in this case, the state's case, depending, as it does, upon the testimony of the girl and the testimony of the other state's witnesses—but upon the girl alone as far as the actual occurrence in the doctor's office is concerned and as to the arrangements prior thereto made with Restaino—as a practical matter, I say, you either believe the girl's story or you do not believe her story. *If you believe her story, it has to be believed as against both defendants.*

*if you do not believe her story, it has to be disbelieved as against both defendants."* (Italics supplied.)

To parallel the first statement with the second and not conclude that they result in a contradiction is hardly possible. The first instruction is a correct statement of the law, the second is not correct. Even though the second statement be not contrasted with the first, the italicized sentences above fail as a valid instruction when we consider the evidence. The complaining witness might, as the court first suggested, have gone for this operation without any suggestion from Restaino. May she not have been moved to involve Restaino in view of the fact that he refused to marry her although admittedly guilty of illicit cohabitation with her which, as she said, resulted in her pregnancy? On the other hand, the evidence could support a finding that Restaino was guilty and that some person other than Sturchio had committed the criminal abortion. That testimony was that the complaining witness had first said to the police that some other doctor had performed the criminal abortion. This the complaining witness admitted, saying that she had been warned not to implicate Sturchio. Further, it was not incredible, from the testimony, that she might have had a grievance against Sturchio because of the following evidence in the case: Sturchio knew the complaining witness and her family "socially;" when he was called to attend complainant after the abortion, though he was not the "family doctor," he first sent her to the Newark City Hospital where she was placed in a ward for mental cases. She remained there from Friday until Sunday evening. Her mother took her from that hospital and thereafter Sturchio recommended that she enter Overbrook Hospital, an Essex County institution for nervous and mental cases. It appears that Sturchio took her to that institution in his own automobile with another member of her family and explained that his nephew, also a doctor, was stationed there. The complaining witness, however, refused to enter that institution. It is evident from reading the testimony that the girl resented the suggestion of being sent to Overbrook or being considered a mental case, as Sturchio seems to have regarded her.

Be all that as it may, the court's instruction, that the girl's story, if believed by the jury, had to be believed as against both defendants, was erroneous. A jury has unlimited privilege, indeed the duty, of appraising the evidence and believing or rejecting it, in whole or in part, according to their conscientious convictions as to its credibility. In this case they did not have to accept her testimony as true or untrue in its entirety. The court's statement cannot be construed as mere comment. It amounted to a direction on this, the crucial point in the case, and leaves us with no alternative save to reverse the judgment.

One more passage in the court's charge challenged as error should not pass unnoticed. The court, as a preliminary to discussing the proof in the case, laid down certain general rules for the guidance of the jury, such as, the defendants' presumption of innocence; that the defendants were entitled to the benefit of a reasonable doubt, defining same; that the fact that the defendants were indicted could not be construed as evidence of guilt; that the jury was exclusive judge of the facts, &c., and then proceeded to say: "There is another rule which says that if a person willfully testifies falsely in one respect you have a right to consider that he is testifying falsely in all respects." This is not a correct statement of the maxim that the learned trial judge considered applicable. We mention it only because this case will have to be retried. The rule, as stated by the court, omitted the necessary element that the false statement, if the maxim is to be applied, must be made with respect to a material fact. The court referred to this as a rule of law. It is not that. It has to do only with the weight of evidence and should be given to the jury as an aid when a witness has been discredited out of his own mouth either by cross-examination or by an unimpeached record. The maxim, if applicable in a given case, is not a mandatory rule of evidence (*Addis* v. *Rushmore,* 74 *N. J. L.* 649), but rather a permissible inference that the jury may or may not draw when convinced that an attempt has been made by a witness to mislead them in some material respect. That was not the situation here. The state offered its proof—the defense by its witnesses denied it. The court

may have been misled by a request to charge submitted by counsel for Restaino. It appears in the record—and as framed it was an entirely erroneous statement of the rule or maxim. But to conclude, the pith of the maxim rests on conscious falsehood concerning a fact material to the issue. See *State* v. *Samuels*, 92 *N. J. L.* 131 (at *p.* 133), and cases cited therein. Compare, also, *Coleman* v. *Public Service Co-ordinated Transport*, 120 *Id.* 384, 387, and *Abraham* v. *Wilson & Co.*, 121 *Id.* 530, 533.

The judgment is reversed and a *venire de novo* should issue.